UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA JEAN ROSS, ) | Case No. CV 15-8374-GHK (JEM) |
| Petitioner, ) | |
| v. ) | ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |
| D. K. JOHNSON, ) | |
| Respondent. ) | |

On October 27, 2015, Brenda Jean Ross ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").

**PRIOR PROCEEDINGS**

On September 7, 2007, in Santa Barbara County Superior Court Case No. 1213918, a jury convicted Petitioner of one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). (Petition at 2; Brenda Jean Ross v. Walter Miller, Warden, Case No. CV 11-4753-GHK (JEM), Report and Recommendation of United States Magistrate Judge ("R&R"), filed February 28, 2014, at 2.)[1] The jury was unable to reach a verdict on a second assault count, and the trial court declared a mistrial as to that count. (R&R at 2.) Following a bifurcated

---

[1] The Court takes judicial notice of the files and records in Brenda Jean Ross v. Walter Miller, Warden, Case No. CV 11-4753-GHK (JEM). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

proceeding regarding Petitioner's prior convictions and juvenile adjudications, the Court sentenced Petitioner to a term of 30 years to life in prison. (Petition at 2; R&R at 2.)

On June 3, 2011, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, styled <u>Brenda Jean Ross v. Walter Miller, Warden</u>, Case No. CV 11-4753-GHK (JEM) ("Prior Petition"). In the Prior Petition, Petitioner challenged her conviction and sentence in Santa Barbara County Superior Court Case No. 1213918. (R&R at 1-4.) Following exhaustion of state remedies, Respondent filed an Answer to the Prior Petition on October 25, 2012. Petitioner filed a Reply on May 28, 2013. The Magistrate Judge issued a R&R on February 28, 2014, recommending that the Prior Petition be dismissed with prejudice on the merits. The Court accepted the R&R and dismissed the Prior Petition with prejudice on April 13, 2014.

On October 27, 2015, Petitioner filed the instant Petition, in which she challenges the same conviction and sentence at issue in the Prior Petition. (<u>See</u> Petition at 2-6.)

## **DISCUSSION**

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

>(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]

          (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

    The instant Petition is a second or successive petition challenging Petitioner's conviction and sentence in Santa Barbara County Superior Court Case No. 1213918.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court."  Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam).  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit to file a second or successive petition.  Thus, the Court lacks jurisdiction to consider the Petition.  See Magwood, 130 S. Ct. at 2796 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S. at 152.  The Court will

dismiss the Petition without prejudice to Petitioner filing a new action if she obtains permission from the Ninth Circuit to file a successive petition.[2]

Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The Court is dismissing the Petition without prejudice because it is a second or successive petition. Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478.

---

[2] If Petitioner obtains permission to file a second petition, she should file a new petition for writ of habeas corpus. She should not file an amended petition or use the case number from this action because it is being closed today. Any new petition will receive a new case number.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice** for lack of jurisdiction;
2. A Certificate of Appealability is **denied**.

DATED: \_\_\_\_11/4\_\_\_\_, 2015

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

5